UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>AARON ANDERSON,<br><br>          Defendant. | CASE NO. CR20-5268 BHS<br><br>ORDER |

This matter is before the Court on defendant Aaron Anderson's motion for early termination of supervision, Dkt. 68.

On May 11, 2021, the Court sentenced Anderson to 180 months of custody followed by 7 years of supervised release after he pled guilty to possession of child pornography. Dkt. 50. Anderson completed his term of custody and began supervised release on December 9, 2022. Dkt. 73 at 1.

Anderson moves for early termination of supervision, asserting that he has fully complied with the conditions of release, passed every drug and polygraph test, and satisfied all treatment requirements, including sex offender treatment and moral reconation therapy. Dkt. 68 at 1–2. He asserts that he has maintained consistent full-time

ORDER - 1

employment and positive relationships with his wife and children. *Id.* Anderson emphasizes that although he was initially required to have computer monitoring, Probation has since suspended this monitoring due to his "prolonged compliance" and the support of his sexual offender treatment provider (SOTP). *Id.*

To protect against relapse after active supervision is completed, Anderson submits evidence of an aftercare plan that he developed in coordination with his SOTP. *Id.* Under the plan, Anderson will participate in quarterly review sessions, scheduled through August 2026, to ensure his continued compliance and address any treatment needs. *Id.* He also proactively scheduled a polygraph examination for January 2026 and intends to continue counseling with his mental health provider to aid with his anxiety and depression. *Id.*

The Government opposes Anderson's request, arguing that "mere compliance" with the terms of supervision is not enough to merit early termination. Dkt. 71 at 3. It points to the serious nature of the underlying offense—a sex offense involving children— to contend that seven years of supervision after a relatively short period of custody is important to protect public safety. *Id.* It contends continued supervision is necessary to ensure Anderson remains accountable as he reintegrates back into society. *Id.* at 4.

Probation also opposes his request. It contends that although Anderson has "performed well on supervision," with no known violations, no negative drug tests, and satisfaction of all Court ordered treatment violations, he fails to effectively communicate with Probation. Dkt. 73 at 3. Probation asserts that it was never notified about Anderson's post-supervision plans, including the aftercare plan developed with his SOTP

and his commitment to ongoing counseling. *Id.* at 2. Probation is also concerned that Anderson disclosed in a polygraph examination that he had unsupervised contact with minor children and then later denied the fact. *Id.* at 3. Probation emphasizes that Anderson has not completed even half of his original supervision term. *Id.* at 4.

The Court commends Anderson on his compliance with the terms of supervision and his proactive actions to ensure accountability post-supervision. Over approximately the past three years, Anderson completed all court-ordered treatment obligations, maintained full-time employment, and accrued no violations. However, the Court does not find early termination of Anderson's supervised release is appropriate at this time.

The Court must consider the serious nature of the underlying offense. Anderson has completed only 34 months of an 84-month term of supervised release, less than half of what the Court ordered. In addition, Anderson was sentenced to a term of imprisonment well below the advisory guideline range. Part of the consequence of imposing this more lenient sentence was the ordered period of supervised release to protect the public and deter future misconduct.[1] *See* 18 U.S.C. § 3553 (detailing the factors the Court must consider when imposing, modifying, or terminating a sentence).

Lastly, although Anderson's medical provider reported that Anderson presents a "low risk" of reoffending, the provider qualified that assessment by noting it applies only "if he follows the aftercare plan." Dkt. 69 at 29, 31. While his commitment to post-

---

[1] The seven-year period of supervised release was itself shorter than most periods of supervised release ordered by this Court for offenders who have committed similar crimes.

ORDER - 3

1 supervision treatment is laudable, nothing requires him to follow or modify that plan, 2 which he developed without the knowledge or support of Probation.

3     It is hereby **ORDERED** that Anderson's motion for early termination of 4 supervised release is **DENIED**.

5     Dated this 5th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge